IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE FOXWORTH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:08-CV-105 (CDL) |
| | * | 42 U.S.C. § 1983 |
| SHERIFF RALPH B. JOHNSON, | * | |
| MUSCOGEE COUNTY JAIL, | * | |
| CAPTAIN NANCE, OFFICER | * | |
| PARNELL, OFFICER WIMBERLY, | * | |
| | * | |
| Defendants. | * | |

**REPORT & RECOMMENDATION**

Before the court is the Defendants' Motion for Summary Judgment, filed on August 14, 2009.[1] (Doc. 43). The Plaintiff was notified of his right to respond, but has failed to do so. The Motion for Summary Judgment is now ripe for review.

**I.     Standard for Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact

---

[1] Plaintiff also filed a Motion for Summary Judgment on July 17, 2009 (Doc. 41), which the court denies as moot, for the reasons stated herein.

and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury

could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not**

>  **rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

II. <u>Plaintiff's Complaint</u>

On July 21, 2008, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that after being arrested for robbery and forgery, he was put into a cell with a 9 to 1 black to white inmate ratio. (Doc. 1, p. 4 and Doc. 24). He alleges that he was the only white inmate in the twenty-person cell. *Id.* Plaintiff contends that he filed a grievance requesting a move to different cell. *Id.* On July 24, 2006, Plaintiff alleges he was assaulted by other inmates and was sent to the Medical Center for treatment of his injuries. *Id.* Plaintiff contends while recovering from his injuries, Defendant Johnson's staff interrupted his phone calls. *Id.* Upon his return, Plaintiff alleges that he was placed in a second cell that had a 9 to 1 black to white inmate ratio. *Id.* Plaintiff states that he was removed and put into a different cell where he was caught smoking. *Id.* at 6. After his release from "the hole", Plaintiff claims he was put back into the cell where he was attacked. *Id.* He contends that he was then moved to a six-man segregated "white cell." *Id.*

Plaintiff seeks nominal damages because his rights were violated, compensatory damages to "make up for the physical harm" and punitive damages to punish the staff for not removing him from potential violence. *Id.*

### III.     Motion for Summary Judgment

#### A.     Legal Entity Capable of Being Sued

The United States Supreme Court had held that a successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). Defendant Muscogee County Jail is not a "person" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). While "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-1215. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E. 2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County,* 198 Ga. 322, 324, 31 S.E.2d 648,

649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Roads and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

Just as in *Board of Road and Revenue Commissioners of Candler County v. Collins,* cited *supra,* in *Smith v. Commissioners of Roads and Revenue of Glynn County,* the Court found that the Board of Roads and Revenue of the county was not a proper party as it was not a natural person, a corporation or a partnership. The Court, therefore, dismissed the plaintiff's suit. Similarly, the Muscogee County Jail, as named in the Plaintiff's lawsuit, is not a natural person, artificial person, nor a quasi artificial person. Therefore, it is recommended that Defendant Muscogee County Jail be dismissed as to all claims.

   **B.   Eleventh Amendment Immunity**

Defendants Sheriff Johnson, Captain Nance, Deputy Parnell and Officer Wimberly, contend that they are entitled to Eleventh Amendment Immunity in their official capacities. (Doc. 43, p. 5).

To determine whether a defendant is immune from liability under the Eleventh Amendment, the Eleventh Circuit Court of Appeals has held that ". . . a defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the State." *Manders v. Lee,* 338 F.3d 1304, 1308 -1309 (11th Cir. 2003); citing *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429-30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). The Court, in *Manders*, set out the four

factor test used to ascertain whether an entity is an "arm of the State" in carrying out the function at issue: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders* at 1309; citing *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm.*, 226 F.3d 1226, 1231-34 (11th Cir.2000) (additional citations omitted).   The Eleventh Circuit Court of Appeals has held that county sheriffs are arms of the State of Georgia, not county officials. *Grech v. Clayton County*, 335 F.3d 1326, 1344-1348 (11th Cir. 2003).  The Eleventh Circuit also acknowledged that Georgia Courts have concluded that sheriff's deputies are employees of the sheriff and not the county. *Id* at 1342; citing *Lowe v. Jones*, 231 Ga. App. 372, 373, 499 S.E.2d 348 (1998) (additional citations omitted).  Defendant Captain Nance is employed by the Muscogee County Sheriff's Department and Warden of the Muscogee County Jail.  As both the Muscogee County Sheriff and his Warden are officials of the State, they receive the protection of the Eleventh Amendment given to states and may not be sued for compensatory damages.  Thus, Plaintiff's claims for compensatory damages against Defendant Captain Nance, Deputy Pernell and Officer Wimberly in their official capacities should be dismissed with prejudice.

    **C.**    **Qualified Immunity**

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have

known.  In sum, qualified immunity is a guarantee of fair warning.  *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.).  The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001).  The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991).  On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156.  "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

In *Saucier v. Katz,* cited *supra,* the Supreme Court held that if none of the Plaintiff's constitutional rights were violated had the allegations been established, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case.  The Plaintiff has failed to prove that any the rights guaranteed to him through the United States Constitution were violated by the Defendants in their placement of him during his incarceration at the Muscogee County Jail.  Therefore, no more analysis is required.  As such, Defendants are entitled to summary judgment as to any claims made against them in their individual capacities.

**IV.     Motion for Injunctive Relief**

Inasmuch as Plaintiff has already been transferred from the Muscogee County Jail into the Georgia State Prison system, Plaintiff's claims for injunctive relief are now moot. (See Plaintiff's Notice of Change of Address). *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); see *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Therefore, Plaintiff's claims for injunctive relief are dismissed against the Defendants.

**V.      Conclusion**

To preclude summary judgment once the moving party has provided evidence failing to show that any issues of fact remain, the non-moving party must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. All parties have filed Motions for Summary Judgment in this case. Having submitted sworn statements and provided credible evidence, each of the Defendants, in their role as the moving party, have met their burden of proof. That is, they have demonstrated to the court the basis for their motions, establishing

9

that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he merely made allegations of misconduct, without supporting his contentions. All of the evidence in this case was examined in a light more favorable to the non-moving party as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). The Defendants, however, have shown that no material fact upon which relief may be granted still exists, therefore, it is recommended that Defendants' Motions for Summary Judgment be **GRANTED** and, further, that Plaintiff's Motion for Summary Judgment be **DENIED.**

**ACCORDINGLY**, because it appears that Defendants Johnson, Muscogee County Jail, Captain Nance, Officer Pernell and Officer Wimberly are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motions for Summary Judgment filed by them be **GRANTED** and that Plaintiff's Motion for Summary Judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 26th day of February, 2010.

                                                S/ G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE

eSw